101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
C. Gerardo ROJAS, Plaintiff-Appellant,
v.
Tai Shan KANG, Ye Mai Kang, and Hwa Lin Tai, Defendants-Appellees.
 No. 95-7864.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Real, Judge).
 Appearing for Appellant: Kenneth J. Ready, Ready & Pontisakos, Garden City, New York.
 Appearing for Appellees: John Kenneth Rode, Kelly, Rode & Kelly, Mineola, New York.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 C. Gerardo Rojas appeals from a judgment for the defendants after a jury trial before Judge Real. Rojas seeks to recover damages for an injury allegedly sustained in a fall caused by a defectively maintained staircase in defendants' building. On appeal, Rojas argues several evidentiary points and suggests that the aggregate of the erroneous evidentiary rulings, when coupled with the district court's bias against the plaintiff's claim, deprived him of a fair trial. In addition, Rojas argues that the question of lost earnings damages should have been put to the jury.
 
 
 4
 Rojas contends that the district court erroneously sustained a host of objections to the questioning of his expert orthopedist and trauma surgeon, Dr. Korn. We disagree.
 
 
 5
 The district court sustained an objection whenever Dr. Korn, qualified as an orthopedist and trauma surgeon, began to testify about nerves, whether in the context of general explanation, of nerve conduction examinations that he performed on Rojas, of other nerve conduction studies that he had done, or of the causes of Rojas's muscle atrophy. The district court clearly believed that the challenged questions sought answers outside the scope of Dr. Korn's expertise, and we cannot deem its decisions "manifestly erroneous." See Morse/Diesel, Inc. v. Trinity Indus., 67 F.3d 435, 444 (2d Cir.1995). Moreover, the questions relating to nerves went to the extent of damage, but the jury found no liability. If it was error to exclude this testimony, therefore, the error was harmless.
 
 
 6
 The district court also sustained objections to testimony concerning the likely future effects of Rojas's injury. It appears from the record that this testimony was excluded because it also involved nerve damage. Therefore, it was either properly excluded or was harmless error for the reasons discussed above.
 
 
 7
 In addition, the trial court sustained objections, with one or two exceptions, whenever the questioning of Dr. Korn addressed the cause of Rojas's injury. Because the jury may have found that Rojas's story of a fall was a fabrication, questions about whether his injuries were likely the result of a fall down stairs would be relevant to liability. However, we find no abuse of discretion in the district court's rulings because such an answer would have been highly speculative and conjectural.
 
 
 8
 Rojas also argues that the district court erroneously refused to allow him to impeach Ye Mai Kang with a prior inconsistent statement from Kang's deposition. We agree with the district court that there was no inconsistency between the trial transcript and the portion of Kang's deposition that Rojas's counsel proffered as impeachment evidence.
 
 
 9
 Finally, Rojas challenges the district court's refusal to admit into evidence photographs of the allegedly defective step and surrounding area. Appellant sought to authenticate the photographs in question through the foundation testimony of the appellant and Luis Escobar. The voir dire questioning of Escobar indicates that defense counsel objected to the foundation proffered for most of the photographs because the witnesses did not know when the photos were taken. In addition, with respect to plaintiff's exhibit 4, the judge appears to have excluded the photograph during Escobar's testimony because a time stamp on the photo indicated that it was actually taken almost a month after the accident. While the ground for excluding exhibit 4 during the testimony of the appellant is unclear from the record, we assume that the judge sustained the defense objection for the same reason. Finally, the court apparently excluded plaintiff's exhibit 14 because Rojas, the foundation witness, stated that he did not know whether the photo showed the condition of the staircase at the time of the alleged fall.
 
 
 10
 Even if we assume for purposes of this appeal that the district court erred in excluding most of the photos because a foundation witness need not testify as to when a photograph was taken, see John W. Strong et al., McCormick on Evidence § 214, at 394 (4th ed.1992) ("the witness who lays the foundation need not be the photographer nor need he know anything of the time, conditions, or mechanisms of the taking"), and that the district court erred in evaluating Rojas's foundation testimony with respect to exhibit 14, we believe that any error was harmless. Federal Rule of Evidence 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." As we stated in Malek v. Federal Ins. Co., 994 F.2d 49 (2d Cir.1993), making this determination involves an "assessment of the likelihood that the error affected the outcome of the case." Id. at 55 (internal quotation marks and citations omitted). The photographs in question served merely as illustrations of the testimony of Rojas and Escobar. Indeed, Escobar was permitted to sketch the allegedly defective step for the jury's benefit. Excluding photographic evidence, therefore, deprived the jury of nothing that was likely to affect its verdict.
 
 
 11
 Because of our disposition of this appeal, we need not reach the issue of lost earnings.
 
 
 12
 We therefore affirm.